UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| **CARLOS ALMEDA,** ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CIVIL ACTION |
| ) | NO. 1:19-12275-DHH |
| **FEDERAL BUREAU OF PRISONS, et al.,** ) | |
| Defendants. ) | |

**REPORT AND RECOMMENDATION FOR DISMISSAL OF ACTION**
April 15, 2021

Hennessy, M.J.

For the reasons stated below, the undersigned recommends that this action be DISMISSED for failure to state a claim upon which relief may be granted. I issue this recommendation pursuant to 28 U.S.C. § 636(b)(1)(B) and Fed. R. Civ. P. 72(b)(1).

In this action, federal prisoner Carlos Almeda ("Almeda") seeks relief under Bivens v. Six Unknown Named Agents, 403 U.S. 388 (1971), for alleged violations of his right under the Eighth Amendment of the United States Constitution to be free from cruel and unusual punishment. Almeda's claims concern alleged events that occurred when he was incarcerated at Federal Medical Center ("FMC") Devens.[1]

---

[1] On October 1, 2019, Almeda, who was incarcerated at FMC Devens at the time, filed the present complaint in the United States District Court for the Northern District of Texas in which he complained of the allegedly inadequate medical care he received at FMC Devens and federal prisons in Texas and Minnesota. See Almeda v. Fed. Bureau of Prisons, C.A. No. 4:19-00783 (N.D. Tex.). The court allowed Almeda to proceed without prepayment of the filing fee. See id. [Dkt. No. 7]. On October 31, 2019, after reviewing Almeda's complaint, District Judge John McBryde of the United States District Court for the Northern District of Texas dismissed as time-barred all of Almeda's claims concerning the alleged events in Texas and Minnesota and ordered that a separate and final judgment on these claims be entered on the docket. See id. [Dkt. No. 10]. Judge McBryde also ordered that Almeda's claims against the FMC Devens defendants (to wit, Warden S. Spaulding, Medical Director Dr. Yeh, Dr. Toussiant, and Physician's Assistant Ms. Kildiff) and the United States, be transferred to this Court. See id.

Upon reviewing the complaint pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A, on November 2, 2020, the Court issued an order [Dkt. No. 24] concluding that Almeda had failed to state a claim against any of the individual defendants because he had not made any specific factual allegations from which the Court could reasonably infer that any of the defendants violated his constitutional rights.  [Id. at 5].  In addition, the Court stated that Almeda could not assert a Bivens claim against the United States and that the Court was without jurisdiction to adjudicate a claim under the Federal Tort Claims Act unless Almeda had exhausted his administrative remedy.  [Id. at 6].  The Court ordered Almeda to file an amended complaint to cure the aforesaid pleading deficiencies.  [Id. at 7].  The Court warned Almeda that failure to file an amended complaint within forty-two days could result in dismissal of the action by a District Judge.  [Id.].

On January 4, 2021, Plaintiff asked for an extension of time.  [Dkt. No. 26].  The Court granted the motion and extended the deadline to file an amended complaint to February 2, 2021.  [Dkt. No. 27].  The Court stated that "[f]ailure to meet this deadline may result in dismissal of the action."  [Id.]  On February 4, 2021, Almeda filed a second motion for an extension of time.  [Dkt. No. 28].  The Court granted the motion on February 5, 2021, extending the deadline to April 2, 2021.  [Dkt. No. 29].  Both orders granting Almeda's motions for extensions were mailed to Almeda at FMC Springfield.  Neither order was returned as undeliverable, and the inmate locator on the web page of the United States Bureau of Prisons indicates that Almeda is still housed at FMC Springfield.  See Fed. Bureau of Prisons, https://www.bop.gov/inmateloc/ (last visited Apr. 15, 2021).  The April 2, 2021 deadline for Almeda to file an amended complaint has passed.  Almeda has not filed an amended complaint or any other document with the Court since February 4, 2021.

The Court has granted Almeda's two motions for additional time to file the amended complaint, extending the original deadline from December 13, 2020 to April 2, 2021. The Court has also warned Almeda that failure to file an amended complaint in a timely fashion could result in the dismissal of this action. Notwithstanding, Almeda has not filed an amended complaint. Accordingly, the undersigned recommends that, for the reasons set forth in the Court's November 2, 2020 order [Dkt. No. 24], this action be DISMISSED pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A for failure to state a claim upon which relief may be granted.[2]

IT IS SO ORDERED.

/s/ David H. Hennessy
David H. Hennessy
United States Magistrate Judge

---

[2] The parties are hereby advised that, under the provisions of Fed. R. Civ. P. 72, any party who objects to these proposed findings and recommendations must file specific written objections thereto with the Clerk of this Court within 14 days of the party's receipt of this Report and Recommendation. The written objections must specifically identify the portion of the proposed findings, recommendations, or report to which objections are made and the basis for such objections. The parties are further advised that the United States Court of Appeals for this Circuit has repeatedly indicated that failure to comply with Rule 72(b) will preclude further appellate review of the District Court's order based on this Report and Recommendation. See Keating v. Sec'y of Health & Human Servs., 848 F.2d 271, 275 (1st Cir. 1988); United States v. Emiliano Valencia-Copete, 792 F.2d 4, 6 (1st Cir. 1986); United States v. Vega, 678 F.2d 376, 378-79 (1st Cir. 1982); Park Motor Mart, Inc. v. Ford Motor Co., 616 F.2d 603, 604-05 (1st Cir. 1980); see also Thomas v. Arn, 474 U.S. 140 (1985).